UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS VAN BOOVEN II, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:09-cv-00467-JLT <br><br> ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT <br> (Doc. 17) |

Plaintiff Douglas Van Booven II ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB") pursuant to Title II and supplemental security income ("SSI") benefits pursuant to Title XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter was assigned to the Magistrate Judge to conduct all further proceedings in the case, including entry of final judgment.

**FACTS AND PRIOR PROCEEDINGS**[1]

On February 22, 2006, Plaintiff filed applications for DIB and SSI benefits under the Act, alleging disability from March 10, 2004. AR at 97-102. The applications were denied initially and on reconsideration. Id. at 45-60. On May 16, 2008, Plaintiff appeared with counsel and

---

[1] References to the Administrative Record will be designated "AR," followed by the appropriate page number.

testified before an administrative law judge ("ALJ"). Id. at 19-44. In a decision dated July 24, 2008, the ALJ found that Plaintiff was not disabled within the meaning of the Act. Id. at 8-18. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Id. at 1-4.

Plaintiff filed a complaint initiating this appeal of the Commissioner's final determination on March 12, 2009. Plaintiff filed an opening brief on October 20, 2009, raising the following claim of error:

> A. The ALJ Committed Harmful Error in Rejecting the Assessments of Mr. Van Booven's Residual Function Derived from Treating Physicians and in Deferring to the Physical Function Opinions of a One-Time Consultative Internist
>
> B. The ALJ Erred in Failing to Properly Credit the Mental Function Opinion of a Consultative Psychiatrist and in Deferring Instead to Findings of a Consulting Internist Who Did Not Perform Mental Status Testing

(Doc. 10 at 15-18, 18-19).

On September 7, 2010, the Court granted remand pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings. In doing so, the Court found that the ALJ improperly discounted the opinions of two treating physicians and an examining consultative psychiatrist without providing specific and legitimate reasons supported by substantial evidence in the record. (Doc. 15 at 16). In addition, the Court noted that evidence concerning Plaintiff's level of functioning, in particular evidence not presented to the agency, could impact Plaintiff's eligibility for benefits. (See id. at 16-17).

On October 1, 2010, Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"), filed a timely Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 17).[2]

---

[2] Recent amendments provide a litigant 28 days from the date of entry of judgment to file a motion under this rule. Fed.R.Civ.P. 59(e).

**DISCUSSION**

Defendant moves the Court to alter or amend its judgment entered on September 7, 2010. Defendant raises several claims of alleged error. First, he challenges the Court's determination that the ALJ improperly discounted the opinions of an examining psychiatrist, Dr. Shalts. (Doc. 17 at 1-4). Second, he challenges the Court's determination that the ALJ improperly discounted the opinions of two treating physicians, Drs. Mathisen and Singer. (Id. at 4-7). Defendant appears to challenge also the Court's conclusion that certain "new" evidence presented for the first time on appeal concerning Plaintiff's level of daily activity requires remand for further proceedings. (Id. at 7-8). In the alternative, Defendant seeks clarification as to whether remand is pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). (Id. at 8).

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should be granted only in "highly unusual circumstances." Id.; see 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Such a motion may be granted in a court's discretion upon the following grounds: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered evidence or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam). With respect to errors of law or fact, clear error is required before the Court may grant the motion. Kona Enterprises, Inc., 229 F.3d at 890. A motion for reconsideration is not a forum for the moving party to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation or make new arguments not raised in its original briefs. Id.; Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it a time to ask the court to "rethink what it has already

thought through." United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

Upon review, the Court concludes that Defendant does not allege new facts or a change of intervening law as a basis for reconsideration. Rather, he seeks reconsideration based upon his belief that the Court misapplied the facts to the law.

1. Dr. Shalts

Defendant contends that the Court "factually erred in finding that Dr. Shalts did not offer any specific opinion regarding Plaintiff's ability to work, and legally erred in finding that the doctor's opinion regarding Plaintiff's concentration, persistence and pace was vocationally relevant." (Doc. 17 at 1).

To support these assertions, Defendant states first that the ALJ's RFC assessment was not inconsistent with Dr. Shalts's opinion. In particular, he notes that the ALJ adopted an RFC limiting Plaintiff to simple, repetitive tasks and contends that this restriction embraced Dr. Shalts's findings, including her conclusion that Plaintiff had "difficulties" with respect to his ability to maintain concentration, persistence and pace. (See Doc. 17 at 1-2).

The Court disagrees. While Dr. Shalts believed that Plaintiff could "understand, carry out, and remember simple instructions," she believed his mental impairments would make it "difficult" for him to maintain concentration, persistence and pace. Moreover, she opined that his "mental illness" would make it "difficult" for him to respond to coworkers, supervisors and the public, and function in a routine work setting. See AR at 321-22. Thus, Dr. Shalts's findings display serious reservations concerning Plaintiff's ability to work full-time. When the ALJ presented a hypothetical to the VE restricting a person with Plaintiff's profile in his ability to maintain attention and concentration "consistently through an eight-hour workday," the VE opined that a person with such a restriction could not work. Id. at 42. Defendant's attempt to parse these conclusions by asserting that Dr. Shalts's opinion was not inconsistent with the ALJ's RFC assessment and his determination that Plaintiff retained the ability to perform full-time work in the economy is unconvincing. Clearly, by failing to incorporate such a restriction into his RFC, the ALJ discounted Dr. Shalts's opinion.

In addition, in his brief on appeal, Defendant argued simply that the ALJ properly

discounted Dr. Shalts's opinion because her opinion was contradicted by Dr. Bhangoo's opinion, Plaintiff's daily activities, and possibly also by the opinions of two non-examining consultants. (See Doc. 11 at 6-8, 10).  Raising new arguments in a motion to reconsider contending that Dr. Shalts's opinion was consistent with the ALJ's RFC assessment is not a proper basis for reconsideration.  See Kona Enterprises, Inc., 229 F.3d at 890; Northwest Acceptance Corp., 841 F.2d at 925-26.

Although not entirely clear, Defendant argues also that Dr. Shalts's limitations with respect to Plaintiff's ability to maintain concentration, persistence and pace are relevant only to a step two or three determination as to the severity of his mental impairments and not to a determination, at steps four and five, as to whether he suffered from mental impairments that hindered his ability to work.  Defendant cites authority in support but, upon review, the Court finds that they do not support this argument.  Nothing cited by Defendant indicates that limitations in the ability to maintain concentration, persistence and pace are irrelevant in assessing whether Plaintiff can perform work at either step four or five.  As noted, the VE believed that if a person fitting Plaintiff's profile could not maintain attention and concentration consistently throughout a work day, that person could not work.  AR at 42.

Moreover, Defendant obscures the Court's basis for finding error.  While the ALJ was not required to accept any of Dr. Shalts's opinions, to the extent he rejected those opinions he was required to provide specific and legitimate reasons for doing so, based upon substantial evidence in the record.  Because he did not do so, the ALJ erred in rejecting Dr. Shalts' opinion.

On this question, Defendant reiterates his contention that the ALJ properly relied upon Dr. Bhangoo's statement that Plaintiff displayed "clear" mentation at his examination to discount Dr. Shalts's opinion.  Defendant contends, in essence, that it was "reasonable" for the ALJ to rely upon Dr. Bhangoo's opinion and asserts that his resolution of the conflict between that opinion and the opinion of Dr. Shalts should be upheld on that basis.  (See Doc. 17 at 2-3).

For the reasons discussed in the merits order, Dr. Bhangoo's cursory statement that Plaintiff displayed "clear" mentation at the examination was not a sufficient basis for discounting Dr. Shalts's findings which were based upon a mental status examination and clinical testing.

(See Doc. 15 at 13-14).  Defendant cites case law for the proposition that where the evidence is susceptible of more than one rational interpretation the ALJ's conclusion should be upheld.  See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  While this is true, the law requires also that the ALJ may discount controverted opinion testimony from treating and examining experts *only* by presenting specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.

As discussed in the merits order, discounting Dr. Shalts' opinion concerning the severity of Plaintiff's *mental* impairments by citing to a clinically unsupported, one-sentence observation of "clear" mentation by a one-time examining internist with no expertise in mental or psychological maladies was not a reasonable or sufficient basis for rejecting the opinion and did not satisfy the legal standard of substantial evidence.  (See Doc. 15 at 13-14).  Similarly, as discussed in the merits order, the ALJ's citation to a few isolated instances where Plaintiff stated that he felt better and/or stated that he played music at a recording studio on one occasion, is not a sufficient basis for discounting Dr. Shalts's opinions.  See Reddick, 157 F.3d at 722 (stating that sporadic activities punctuated with rest are not inconsistent with disability and that claimants should not be "penalized for attempting to maintain some sense of normalcy" in their lives or "vegetate in a dark room" in order to be eligible for benefits).   Defendant's re-argument of this point is not a sufficient basis for reconsideration.

2. Dr. Mathisen and Dr. Singer

Upon review, Defendant's challenge to the Court's finding that the ALJ improperly discounted the opinions of two treating physicians, Drs. Mathisen and Singer, does not warrant reconsideration.  In finding that the ALJ improperly discounted these opinions, the Court noted that the ALJ's rejection was virtually devoid of any analysis or explanation.  (See Doc. 15 at 14-16); see AR at 15-16.  For instance, except for a one-sentence assertion that these opinions were contradicted by Dr. Bhangoo, the ALJ stated that their conclusions, that Plaintiff was disabled or incapable of work, was beyond the doctors' expertise and constituted an issue of law that only the ALJ could determine.  For the reasons discussed in the merits order, these explanations were insufficient.  (See Doc. 15 at 13-15).

Defendant contends also that the non-examining consultants provided a basis for discounting the opinions of the treating doctors. (See Doc. 17 at 6-7). For the reasons stated in the merits order, the Court rejected this argument. (See Doc. 15 at 16). Defendant presents nothing new on this point and the Court declines to "rethink what it has already thought through." Rezzonico, 32 F.Supp.2d at 1116.

### 3. Evidence of Daily Activities

As noted, Defendant reasserts his belief that the ALJ's citation to inconsistencies between Plaintiff's daily activities and his claimed disability, formed a proper basis for rejecting the opinions of Drs. Shalts, Mathisen and Singer. For the reasons discussed above and in the merits opinion, this evidence was insufficient to support discounting the opinions of those doctors. (See Doc. 15 at 15-16).

On the other hand, the Court noted that new evidence, presented by Defendant on appeal, that indicated a greater sustained level of activity by Plaintiff may be relevant to the question *but* because this evidence had not been presented to the agency, it should not be considered for the first time on appeal. (See id. at 16-17). Despite Defendant's disagreement, the Court reiterates its determination that the matter must be remanded to permit the ALJ to present a proper basis, if such a basis is supported by the record, for rejecting the opinions of the treating doctors and the examining psychiatrist and, if the ALJ determines it to be appropriate, to allow the presentation of the new evidence presented on appeal. Once again, on this point, the Court declines "to rethink" its earlier determination. Rezzonico, 32 F.Supp.2d at 1116.

### 4. Remand

Defendant seeks clarification on whether remand is pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). (Doc. 17 at 7-8). On the first page of the Court's order, the Court stated that remand was pursuant to sentence four. The Court entered a final judgment for Plaintiff on the basis of legal error with respect to the ALJ's discounting of the opinions of Drs. Shalts, Mathisen and Singer, in addition to noting the existence of new evidence of Plaintiff's activities of daily living not presented in prior administrative proceedings. (See Doc. 15 at 18); see Melkonyan v. Sullivan, 501 U.S. 89, 101-02 (1991) (holding that the entry of final judgment

distinguishes sentence four remand from sentence six remand). There is no ambiguity about the nature of the remand ordered by the Court and Defendant has presented no argument, nor does he assert specifically, that remand pursuant to sentence six is more appropriate.

## **ORDER**

Accordingly, it is HEREBY ORDERED that Defendant's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 17) is **DENIED**.

IT IS SO ORDERED.

Dated:  **October 15, 2010**                                        **/s/ Jennifer L. Thurston**
                                                                                   UNITED STATES MAGISTRATE JUDGE